UNITED STATES of America

v.

Willie G. CHILDRESS, et al.

Crim. No. 89-0162.

United States District Court,
District of Columbia.

Feb. 23, 1990.

Jay B. Stephens, U.S. Atty., D.C., Betty Ann Soiefer, Robert Andary, Barry M. Tapp, Noel A. Brennan, Charles Ambrose and David Schertler, Asst. U.S. Attys., Washington, D.C., for U.S.

Ernest McIntosh, Washington, D.C., for Willie Childress.

Arthur M. Levin, Washington, D.C., for Columbus Daniels.

William Garber, Washington, D.C., for Rachelle Edmond.

Stuart Johnson, Washington, D.C., for Robert Hardy.

John Drury, Washington, D.C., for Deatria Lindsay.

Michele Roberts, Washington, D.C., for Patrick McDonald.

Dennis Hart, Washington, D.C., for Ronald Morgan.

Gary Kohlman, Washington, D.C., for Constance Perry.

Sol Rosen, Washington, D.C., for Melvin Stewart.

Retna Pullings, Washington, D.C., for Jeffrey Thompson.

Nina Kraut, Washington, D.C., for Raynice Thompson.

Idus Daniel, Washington, D.C., for Katrina Wade.

PROCEDURES FOR JURY SELECTION

CHARLES R. RICHEY, District Judge.

Upon examination of the pleadings and the record herein and after a series of hearings with counsel for the defendants and the government, the Court finds that the procedures for selecting a jury in the above-captioned case shall be as follows:

1. The jury staff of the Clerk's Office shall mail 2,000 copies of the pre-screening questionnaire (Exhibit A) to the next available members of the jury venire. The Clerk's Office shall then excuse from jury service in this case any prospective jurors who indicated on the pre-screening questionnaire that they are unable to serve on an anonymous and sequestered jury in a trial lasting approximately eight weeks or that they have hearing or sight impairments.

2. The prospective jurors who indicated on the pre-screening questionnaire that they can serve on an anonymous and sequestered jury in a trial lasting approximately eight weeks shall be directed to report to the courthouse prior to February 26, 1990 for the purpose of completing a comprehensive juror questionnaire (Exhibit B) under the supervision of the Clerk of the Court. Prior to distributing the comprehensive questionnaire to the prospective jurors, the Clerk of the Court shall read the preliminary statement, which is attached hereto as Exhibit C, to the prospective jurors. A court reporter shall be present while the prospective jurors receive instructions as to completing the questionnaires and while they complete them.

3. After the prospective jurors have completed the comprehensive questionnaire, the Clerk of the Court shall detach the first and last pages of each questionnaire, and these pages shall be placed in the vault in the Clerk's office and should not be made available to anyone except for good cause shown to the presiding judge, with the exception of the Clerk for the purpose of compensating the jurors for their service. Once the first and last pages of the completed questionnaires are detached, the Clerk of the Court shall make photocopies of the questionnaires for the lawyers in the case and the Court. These photocopies shall be ·made available to counsel on February 23, 1990 at 4:00 p.m. for their review over the weekend and for use during the *voir dire* process, which

shall commence at 9:30 a.m. on February 26, 1990.

4. When the first group of jurors is brought into the courtroom on the morning of February 26, 1990, the Court will first read them a preliminary statement introducing the case (Exhibit D). The Court will then conduct an oral *voir dire* of the jurors based upon some of the suggestions received from the defense and government lawyers.

5. Once the oral *voir dire* process has been completed, counsel for the government and each defendant shall provide the Deputy Courtroom Clerk with a written list containing the number(s) of any juror(s) that they wish to challenge for cause. At the top of these lists, counsel shall include their names as well as that of their clients. The Court requests that no more than one list be submitted for each defendant and for the government. Upon receipt of these lists, the Court will call each lawyer wishing to make a challenge for cause to the bench individually so that the lawyer can provide the Court with a *succinct* explanation of why a particular juror should be excused for cause. When a defense lawyer is called to the bench to explain his or her client's challenge(s) for cause, one lawyer for the government should also approach the bench. When a government lawyer is called to the bench to explain the government's challenges for cause, one defense lawyer, who will serve as a representative for all other defense lawyers, should also approach the bench. All counsel and each defendant will be provided with earphones in order that they can hear the bench conferences.

The peremptory challenge process cannot begin until there are at least fifty-six (56) jurors in the courtroom. Once there are at least fifty-six jurors in the courtroom, they will be seated according to their juror numbers. The defense lawyers and the lawyers for the government shall then confer about any peremptory challenges that they wish to make. The defense lawyers shall then designate one defense lawyer to make all peremptory challenges on behalf of all defendants; the government lawyers shall also designate one lawyer for the government to make all peremptory challenges on behalf of the government.

The jury will include twelve jurors and six alternates. To the initial twelve jurors, the Court will give the defendants will be allowed twenty-four peremptory challenges, and the government will be allowed fourteen peremptory challenges.[1] To the six alternates, the defendants and the government will both be allowed three peremptory challenges.[2] A pass by the defendants or the government does not constitute a strike. If both the defendants and the government pass, then the juror will be selected.

SO ORDERED.

1. Rule 24(b) of the Federal Rules of Criminal Procedure entitles the government to exercise 6 peremptory challenges, and the defendants to exercise jointly 10 peremptory challenges since the offenses charged are punishable by more than one year. In cases involving more than one defendant, the Court may, at its discretion, permit the defendants to exercise more than 10 peremptory challenges. The language of Rule 24(b) does not authorize the granting of additional peremptory challenges to the government. However, it is common practice for courts to condition the granting of additional peremptory challenges to the defendants on their "consent to a proportionate increase being accorded to the Government." *United States v. Gleason*, 616 F.2d 2, 29 n. 20 (2nd Cir.1979), *cert. denied*, 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980). Should defendants not agree to a proportionate increase for the government, the Court will accord the government 6 peremptory challenges, and the defendants 12 peremptory challenges. *See, e.g., United States v. Meredith*, 824 F.2d 1418 (4th Cir.) (holding that seven criminal defendants were properly denied additional peremptory challenges when defendants refused to allow government additional challenges), *cert. denied*, 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987); *cf. United States v. Mayes*, 512 F.2d 637 (6th Cir.) (allowing twenty-four defendants to make twenty-four peremptory challenges collectively), *cert. denied*, 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975).

The Court notes that it will reduce the number of peremptory challenges available to the defendants and the government should any of the defendants plead prior to the commencement of trial.

2. Rule 24(b) of the Federal Rules of Criminal Procedure allows each side to have 3 peremptory challenges for the alternates when 6 alternates are to be chosen.

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
COLUMBIA

Third and Constitution Avenue, N.W.

Washington, D.C. 20001

*Pre–Screening Jury Questionnaire*

You have been selected as a prospective juror to sit in a criminal case which is scheduled to begin the end of February. It is estimated that the trial will last about eight weeks, although the trial could be shorter or longer. The sole purpose of this questionnaire is to assist the Court in determining your availability to sit as a juror in this case.

The Court may require the jurors in this case to be anonymous and sequestered because it is expected that this case will be highly publicized. If you are selected as a juror and the Court decides to have the jury sequestered, you will be housed in sleeping and living quarters provided by the Court. All of your meals will be furnished at the Government's expense. Every effort will be made to assure your comfort, to enable you to meet urgent medical appointments, to provide you the opportunity to go to church or synagogue, to obtain fresh clothing, and to look at television, except where matters relating to this case are presented.

Please answer all questions frankly and honestly, as it is your duty to serve as a juror if at all possible. You are to sign your questionnaire, and your answers will have the effect of a statement given to the Court under oath.

You will be contacted later if you are needed for service, and you will be given further instructions at that time. In the meantime, please do not telephone the Court. Any questions you may have will be answered at the time you are contacted to report for service. Any jurors excused from service will be notified by postcard.

Thank you in advance for your responses to this questionnaire; your responses will greatly assist the Court and counsel in the jury selection process.

PLEASE COMPLETE THE QUESTION-NAIRE ATTACHED HERETO IMMEDIATELY AND RETURN IT AT ONCE IN THE ENCLOSED ENVELOPE.

---

JUROR NO.

1. Please print your full name and address:

 _____
 _____
 _____

2. I can sit on a sequestered and anonymous jury in a trial that is expected to last about eight weeks.

 Yes_____ No_____

 You only need to respond to the next question if your answer was "no" to question number 2.

3. I cannot sit on a sequestered and anonymous jury in a trial that is supposed to last about eight weeks because:

 _____ I am caring for an old or sick person at home.

 State relationship of person for whom you are caring:
 _____

 _____ I have responsibilities at home to young children.

 State their age(s):
 _____

 _____ There is serious illness in my immediate family which requires me to return home daily.

State relationship of family member who is ill:

_____

_____ I have problems with my own health.
Please explain briefly:

_____

_____ I have critical business responsibilities.
Please explain briefly:_____

_____

_____ I have definite vacation plans to be away.
When are you leaving? _____
When are you returning? _____

If there is anything else the Court should know that will have an effect on your availability to serve as a fair and impartial juror in this case, please explain briefly:

_____

I hereby declare under the pain and penalty of perjury that all of my answers are true and correct to the best of my knowledge, information, and belief.

_____
(Your signature)

EXHIBIT B
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
JUROR QUESTIONNAIRE
(for a criminal case)
Juror No. _____

Upon your oath or affirmation you shall give true and complete answers to all questions. The information requested by this questionnaire will be used to assist the Court and counsel in the jury selection process and to complete said process as efficiently as possible.

Please complete the questionnaire by printing your answers legibly in the spaces provided. Do not discuss the questionnaire or your answers with fellow jurors; your answers are to be your answers, and your answers alone. Bear in mind that your answer to each question must be correct and complete. This page and page twenty-three (23) will be maintained by the Clerk of the Court and not be given to anyone including the Court or the lawyers for either side except in special circumstances or for good cause as determined by a Judge of this Court. Pages two (2) through twenty-two (22) will be made available to counsel and the Court.

PLEASE PRINT YOUR LAST NAME
1) Please print your full name: _____

2) Please print your address: _____

Juror No. _____

3(a) In what quadrant of the city do you live?
 (b) NE _____ NW _____ SE _____ SW _____
 How long have you lived at your current address? _____

 (c) Do you own your own home?
 Yes _____ No _____
4(a) How old are you? _____
 (b) In what state were you born (if you were not born in the United States, please provide the country in which you were born)?

5) How long have you lived in the District of Columbia?

6) What is the highest grade you completed in school?

 If you attended college, list your major areas of study.

7) Do you have any difficulty reading, speaking, or understanding the written or spoken English language?
 Yes_____ No _____
 If "yes," briefly explain: _____

8) Do you have any health problems, such as vision problems, hearing problems, or any current physical or emotional problems?
 Yes_____ No _____
 If you have such a problem, please explain:_____

9(a) Are you currently:
 Employed full-time (over 30 hours per week) _____
 Employed part-time (5 to 30 hours per week) _____
 Unemployed _____
 Unemployed but looking for work _____
 Retired _____
 A student _____
 A homemaker _____
 (b) If you are employed or were employed, please describe any jobs or occupations that you have held over the past ten years, without giving the names or addresses of your employers.

 (c) Were you a supervisor and, if so, how many people did you supervise?

10(a) What is your current marital status?
Married _____
Separated _____
Divorced _____
Widowed _____
Never married _____

(b) If you are married, is your spouse currently:
Employed full-time (over 30 hours per week) _____
Employed part-time (5 to 30 hours per week) _____
Unemployed _____ .
Unemployed but looking for work _____
Retired _____
A student _____
A homemaker _____

(c) If your spouse is or was employed, please describe any jobs or occupations that your spouse has held over the past ten years, without giving the names or addresses of your spouse's employers.

_____
_____
_____
_____
_____
_____
_____
_____

11) Describe generally the occupations of your adult children, without providing the names or addresses of their employers.

_____
_____
_____
_____
_____
_____
_____
_____

12) Have you ever served in the military?
Yes _____ No _____
If "yes," please list the branch, your rank at the time of discharge, and the place and date of your service.

_____
_____
_____

13(a) Have you, or has any member of your immediate family, ever studied the law, had any legal training, or been employed by a law firm engaging in the practice of law?
Yes _____ No _____

(b) If "yes," will you agree to put such study and training aside and accept the law applicable to this case as the Court gives it to you?
Yes _____ No _____

(c) If "no," please explain briefly: _____

_____
_____
_____

14) Have you, or has any member of your immediate family, ever been involved as a party to or appeared as a witness in any court

proceeding (civil or criminal) or in any investigation by a federal or state authority or by an official legislative body or agency?

Yes _____ No _____

If "yes," please explain briefly:

_____

_____

15(a) Have you ever served on a grand jury?

Yes _____ No _____

If "yes," how many times?

_____

When? _____

Were any of the cases drug or homicide cases?

Yes _____ No _____

(b) Have you ever been a petit juror before?

Yes _____ No _____

If "yes," how many times?

_____

When? _____

How many civil cases? _____

How many criminal cases? _____

Were any of the cases drug or homicide cases?

Yes _____ No _____

16) Would your experience in any situation covered by 14 and 15, above, affect your ability to be a fair and impartial juror in this case?

Yes _____ No _____

If "yes," please explain: _____

_____

17(a) During the course of the trial, evidence will be introduced in the form of tape recordings of telephone conversations obtained either by a court-authorized wiretap or the consent of one of the parties to the conversation. In these conversations, you may hear evidence from an accomplice—that is, a person who is alleged to have participated in the crimes charged. You may also hear evidence from informants and law enforcement agents who will testify that they acted in an undercover capacity in order to collect evidence for the Government. The use by the Government of these procedures is lawful. The jury should consider such evidence along with the other evidence in the case, giving it as much or as little weight as you think it deserves. Would you have any difficulty being able to evaluate this evidence as instructed by the Court?

Yes _____ No _____

If "yes," please briefly explain:

_____

_____

_____

_____

(b) In some of the tape recordings, the parties being recorded may use profanity, curse, and swear. Would the use of such language prevent you from evaluating this evidence as a fair and impartial juror?

Yes _____ No _____

If "yes," please explain: _____

_____

18) Have you, or has any member of your immediate family or a close friend, ever been employed by or received training from any local, state or federal law enforcement agency, including but not limited to the following:

(Check as many as apply for each category)

| | Self | Close Relative | Close Friend |
|---|---|---|---|
| F.B.I. | ____ | ____ | ____ |
| U.S. Attorney | ____ | ____ | ____ |
| District Attorney | ____ | ____ | ____ |
| Internal Revenue Service | ____ | ____ | ____ |
| Drug Enforcement Administration | ____ | ____ | ____ |
| Military Police | ____ | ____ | ____ |
| Prison Guards | ____ | ____ | ____ |
| State Troopers | ____ | ____ | ____ |
| Police Department | ____ | ____ | ____ |
| Sheriff's Department | ____ | ____ | ____ |
| U.S. Marshal | ____ | ____ | ____ |
| Alcohol, Tobacco & Firearms | ____ | ____ | ____ |
| Immigration & Naturalization Service | ____ | ____ | ____ |
| Customs Service | ____ | ____ | ____ |
| Federal Court System | ____ | ____ | ____ |
| District of Columbia Court system or a state court system | ____ | ____ | ____ |
| Department of Justice | ____ | ____ | ____ |
| Other law enforcement agency not listed above | ____ | ____ | ____ |

Do you have an application for employment pending at any of the law enforcement agencies listed above?

Yes _____ No _____

If "yes," please specify which agency or agencies?

_____

_____

19) Have you, or has any member of your immediate family, ever received training or been employed in the following areas: (Check as many as apply for each category)

| | Self | Close Relative | Close Friend |
|---|---|---|---|
| Private Security/Security Guard | ____ | ____ | ____ |
| Private Investigation | ____ | ____ | ____ |
| Insurance Adjustment | ____ | ____ | ____ |
| Credit Investigation | ____ | ____ | ____ |

20) Have you, or has a member of your immediate family or a close friend, ever worked in a job for the Senate or House of Representatives or with or for any congressional committee or activity, the District of Columbia City Council, or any other legislative body?

Yes _____ No _____

If "yes," please briefly explain the subject matter of the job, and describe the nature and scope of the work:

_____

_____

21) Have you, or has any relative or close friend, ever used, overdosed on, or been addicted to any illegal drug, including, but not limited to, cocaine, PCP, heroin, marijuana, LSD, and speed?

Yes _____ No _____

If "yes," please briefly explain:

_____

_____

22(a) Have you, or has a member of your immediate family or a close friend, ever been the victim of a crime, a witness to a crime, arrested, or a defendant charged with or convicted of a criminal offense (probation is considered a conviction).

Yes _____ No _____

If "yes," please briefly explain, and include date(s) and name of court if there was a court proceeding.

_____

_____

_____

_____

(b) Will the experience(s) you described above affect your ability to render a fair and impartial verdict in this case?

Yes _____ No _____

(c) What are your thoughts or feelings about how the police, the prosecutor, and the defense lawyer(s) handled the case in question? In other words, were you satisfied?

Yes _____ No _____

If "no," please explain briefly:

_____

_____

23(a) Do you have any preference, bias or prejudice concerning the police, the Department of Justice, the FBI, or law enforcement agencies generally that would cause you to be prejudiced either in favor of or against the Government in a criminal prosecution?

Yes _____ No _____

(b) Do you have any preference, bias or prejudice concerning persons charged with crimes or the lawyers who represent them that would cause you to be prejudiced either in favor of or against persons charged with crimes in a criminal prosecution?

Yes _____ No _____

24) The law is that the testimony of law enforcement officers is to be given no lesser or greater weight than that of any other witness. Would you have any difficulty in accepting this proposition of law?

Yes _____ No _____

25) Do you personally, or does any member of your immediate family, know or have any connection (personal, business, or social) with:

Betty Ann Soiefer
Robert G. Andary
Barry Tapp
Charles E. Ambrose, Jr.
Assistant United States Attorneys
The United States Attorney's Office
Narcotics Section
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20001

Yes _____ No _____

If "yes," please specify: _____

_____

26) Do you personally, or does any member of your immediate family, know or have any connection (personal, business, or social) with the following lawyers or their families, partners, or associates:

Thomas Abbenante
1919 Pennsylvania Avenue, Suite 200
Washington, DC 20006

James Michael Bailey
910 17th Street, NW
Washington, DC 20006

Catherine Brown
419 7th Street, NW, Suite 401
Washington, DC 20004

Joseph R. Conte
Bond, Conte & Norman, PC
1819 H Street, NW, Suite 1125
Washington, DC 20006

Idus Daniel, Jr.
1010 Vermont Avenue, NW, Suite 618
Washington, DC 20005

John Drury
Drury and Brennan
1625 I Street, NW, Suite 1009
Washington, DC 20006

William Garber
301 Eye Street, NW
Washington, DC 20001

Elise Haldane
301 Eye Street, NW
Washington, DC 20001

Dennis M. Hart
301 Eye Street, NW
Washington, DC 20001

Gwen Hickman
5109 Leesburg Pike, Suite 405
Falls Church, VA 22041

Richard Huber
1706 R Street, NW
Washington, DC 20009

Carmen Jacobs
1915 I Street, NW, Suite 500
Washington, DC 20006

Stuart F. Johnson
406 5th Street, NW
Washington, DC 20001

Gary Kohlman
504 7th Street, SE
Washington, DC 20003

Nina Kraut
3815 Yuma Street, NW
Washington, DC 20016

Diane S. Lepley
505 Second Street, NW
Washington, DC 20001

Arthur M. Levin
301 Eye Street
Washington, DC 20001

Cynthia Lobo
419 7th Street, NW, Suite 410
Washington, DC

Leonard Long
1010 Vermont Avenue, NW, Suite 618
Washington, DC 20005

James L. Lyons
Kellogg, Williams & Lyons
1275 K Street, NW, Suite 825
Washington, DC 20005

Thomas B. Mason
Public Defender Service
451 Indiana Avenue, NW
Washington, DC 20001

Ernest W. McIntosh, Jr.
Eaton, McClellan & Allen
1333 H Street, NW
West Tower—3rd Floor
Washington, DC 20005

William H. Murphy, Jr.
1007 North Calvert Street
Baltimore, MD 21202

Leroy Nesbitt
301 I Street, NW
Washington, DC 20001

G. Goodwin Oyewole
601 Pennsylvania Avenue, NW
9th Floor
Washington, DC 20004

Retna Mae Pullings
601 Indiana Avenue, NW, Suite 900
Washington, DC 20004

Michelle A. Roberts
Perazich & Wynn
1201 Connecticut Avenue, NW, Suite 750
Washington, DC 20036

James Robertson (associated with Howard Univ. Law School)
2900 Van Ness Street, NW
Washington, DC 20008

Sol Rosen
301 Eye Street, NW
Washington, DC 20001

Robert Sanders
601 Indiana Avenue, NW, Suite 603
Washington, DC 20004

Thomas Slawson
918 F Street, NW, Suite 210
Washington, DC 20004

Alan Soschin
307 G Street, NW
Washington, DC 20001

Joseph Virgilio
1730 K Street, NW, Suite 304
Washington, DC 20006

Robert M. Werdig, Jr.
715 8th Street, SE, Suite 1
Washington, DC 20003

Yes _____ No _____
If "yes," please specify: _____
_____
_____
_____

27(a) Please rank the following in the order upon which you rely upon
them as your main source of news ("1" being the most and "5" being
the least)?
_____ TV _____ magazines
_____ radio _____ conversations with friends
_____ newspapers

(b) What newspapers do you regularly read? _____

(c) What magazines do you regularly read? _____

(d) What television programs do you regularly watch? _____
_____
_____

(e) What radio stations do you listen to regularly?
_____

(f) How many days during the week do you read a daily newspaper?
_____

(g) What is the average number of hours that you read a newspaper
each day?
_____

(h) What is the average number of hours that you watch television each
day?
_____

(i) What is the average number of hours that you listen to the radio each day?

_____

(j) Have you read or heard through the newspaper, television, the radio or otherwise anything about the trial of Rayful Edmond, III and others in this Court?

Yes _____ No _____

If "yes," please describe what you recall having read or heard.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

If you have read or heard about the trial of Rayful Edmond, III and others in this Court, would you be able to put aside what you have read or heard and render a fair and impartial verdict in this case based solely upon the evidence you see and hear during the trial of this case?

Yes _____ No _____

28) Do you belong to any club or organization that takes a position, pro or con, on the use of drugs or guns?

Yes _____ No _____

If "yes," please explain without giving the name of the club or organization:

_____
_____
_____
_____

29) Please describe any hobbies or recreational activities in which you participate.

_____
_____

30) The following is a list of names of individuals who may be mentioned in the course of the trial. If you personally, or any member of your immediate family, know or have any connection (personal, business, or social) with any of these individuals, or have heard of any of them, circle the number in front of the name of that person:

1. BROOKS, Royal S., Jr.
2. BUTLER, Melvin D.
3. CAIN, Gregory
4. CHAMBERS, Curtis B., also known as "Kirkbone"
5. COOPER, Keith E., also known as "Cheese"
6. CHILDRESS, Willie
7. CURRY, Ronald
8. DANIELS, Columbus, also known as "Little Nut"
9. EDMOND, Rachelle

10. EDMOND, Rayful, III
11. GREEN, Ronald, also known as "Ronnie Green" and "Ronnie Jackson"
12. HARDY, Robert M., also known as "Fila Rob"
13. JESSIE, Anthony L., also known as "Anthony Hill"
14. JOHNSON, Denise
15. JOHNSON, Troy
16. JONES, James Antonio, also known as "Tonio"
17. LEWIS, Tony
18. LINDSAY, Deatria C.
19. MATHIS, James C.
20. MCCRAW, Bernice H., also known as "Nicey"
21. MCCRAW, David M.
22. MCDONALD, Patrick
23. MILLINGTON, Jerry R.
24. MINOR, James
25. MONFORD, John
26. MORGAN, Ronald
27. PERRY, Armaretta B.
28. PERRY, Constance D., also known as "Bootsie"
29. SELLERS, Kathy
30. STEWART, Melvin E., also known as "Melbo"
31. SULLIVAN, Harry, Jr., also known as "Whitey"
32. SUTTON, Emanuel W., also known as "Mangie"
33. TERRELL, Brandon
34. THOMPSON, Jeffrey L.
35. THOMPSON, Raynice
36. WADE, Katrina
37. WHEELER, Leslie, also known as "June"
39. WHITE, Steven J.
40. WILSON, Linda
41. ZANVILLE, Alta Rae
42. ZANVILLE, Myron

If you have circled any of the numbers preceding the above names, please briefly explain how you, or a member of your family, know, are connected with, or heard of the individual(s) whose name(s) you circled:

_____
_____
_____
_____
_____
_____
_____
_____
_____

31) The law is that jurors are to make determinations of fact and are to act as judges of the facts based on what they see and hear presented in the course of a trial, and that they are not to be influenced by anything that they see or hear outside the courtroom or by the nature of the offenses with which a defendant is charged in reaching a verdict. Would you have any difficulty with accepting this proposition of law?

Yes _____ No _____

If "yes," please explain: _____
_____
_____

32) The jury will be instructed not to read, watch, or listen to any news accounts of the trial until it is over, and not to talk to anyone about

the case, not even to the other jurors, until the jury retires to deliberate upon its verdict. Would you have any difficulty with accepting this proposition of law?

Yes _____ No _____

If "yes," please explain:

_____

_____

_____

33) The jury will be instructed that the defendants charged in this case are presumed to be innocent throughout the trial, and that no defendant can be found guilty of any offense until the Government has proved each element of that offense beyond a reasonable doubt. Would you have any difficulty with accepting this proposition of law?

Yes _____ No _____

If "yes," please explain:

_____

_____

_____

34) Under our laws, each defendant has the right to decide whether he or she will testify. If a defendant elects not to testify, the law is that a jury may not draw an inference of guilt against a defendant because of his or her decision not to testify. Would you have any difficulty with accepting this proposition of law?

Yes _____ No _____

If "yes," please briefly explain: _____

_____

_____

_____

35) I request an opportunity to discuss privately with the Court and counsel my answer(s) to or my failure to answer question(s) _____ for the following reason(s) (First list the question number, and then give your reason on the space provide below):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I hereby declare under the pain and penalty of perjury that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

_____
(Juror's signature)

_____
Date and Time

## EXHIBIT C

### PRELIMINARY STATEMENT TO BE READ TO JURY VENIRE BY THE CLERK

Ladies and Gentlemen, you have been brought here today to perform an important duty of citizenship, namely, Jury Service. The right to trial by Jury is among the most important rights guaranteed to all of us as Americans. Everyone knows that Jury Service entails some sacrifice from our usual endeavors and the pleasures of life, but Jury service is essential in our constitutional system of government in the Republic known as the United States of America. If people in this and other communities across America were to refuse to serve merely because of the inconvenience and sacrifice entailed in being away from our families, jobs, and usual endeavors, then our system of justice would fail. The same duty to serve applies equally to cases involving disagreeable or unpopular matters.

Now having said these things, the Court has instructed us to ask you to carefully review the questionnaire which will be handed to you in a few moments. Please review each question carefully, and then write out your answer to each question. The purpose of having you answer the questionnaire in advance is to insure that you will have time for reflection so as to give complete and accurate answers to each question. This information will later be used by the lawyers to decide which of you will serve.

If you encounter a question that you believe invades your privacy in a material or substantial way or embarrasses you, then you may request at the place provided on the Questionnaire at question 35 an opportunity to discuss it with the Presiding Judge. You must make an affirmative request for such a discussion with the Judge, and give your reasons therefore, and the Judge will then decide the matter of how and the manner in which your answer should be provided. You may be confident that the Court is very much concerned that your privacy be respected to the very limit allowed by the law.

A few last words about the questionnaire. It is a common practice followed in many cases in the Federal court to keep the names and the identities of the jurors in confidence. This is no way unusual. It is a procedure being followed in this case to protect your privacy even from the Court. Accordingly, you will note in the first two questions you will give your name and all identifying information. This identifying information will be maintained by the Clerk of the Court, and is for the Clerk's Office only, and will not be given to anyone including the Court or the lawyers for either side except in special circumstances or for good cause as determined by a Judge of this Court. In the remainder of the questionnaire, after those first two questions, you are not to write your names or the names of any persons you are connected with, or your employer, or your addresses, or any identifying information.

Now this is a criminal case in which the defendants have denied all of the charges against them. The law presumes them not guilty of these charges, and gives them a right to a trial by jury. The Government

bears the burden of proving its case as to each defendant beyond a reasonable doubt. The defendants do not have to prove or disprove anything at all.

The trial is expected to last about eight weeks and will require a sacrifice by all involved. You have been selected randomly, as citizens of the community, as we choose all juries in the Federal Court in the Nation's Capital. There will be twelve jurors ultimately chosen, along with six alternates. Court will begin at 9:30 a.m. and continue throughout the day, and sometimes until the evening hours, with time off for lunch and recesses for the Court and lawyers to consider legal matters of no significance to you. These recesses will be a time for you to relax, but you will not be allowed to discuss the case with anyone, not even among yourselves, until those of you who have been chosen have heard all of the evidence, and the Court instructs you as to the law and advises you that you can discuss the case.

The Marshals assigned to you will be available to see to your comfort to the maximum extent possible under the supervision of the Court.

Now just a word about your job as Jurors. As Jurors in this case, you must promise to keep an open mind as to each defendant and then render a fair and impartial verdict based *exclusively* upon the evidence and the law as to each defendant as the Court will instruct you during the trial. In other words, Ladies and Gentlemen, it is your duty as Jurors to put aside *any and all personal opinions* you have about the nature of the case, the charges, and/or any defendant until you have seen and heard all of the evidence in the case and the Court has instructed you on the law to be applied to the evidence seen and heard by you in the Courtroom during the trial. This is the core of the American system of justice, and it is your civic obligation as jurors to abide by this principle.

As you were advised in the beginning, we know that Jury service is an inconvenience, but it bears repeating that it is an important duty of citizenship which no one should shirk or seek to avoid. Otherwise, our system of justice would break down and no one loyal to this country would want that. The Court does not know exactly how long the trial will take, but the lawyers estimate its length will be about eight weeks. It could be much shorter or slightly longer, but the Court simply does not know at this time. However, you may be assured that the Court will move the trial along as quickly as possible consistent with the law, and the requirement of justice both to the Government and each of the defendants.

## EXHIBIT D

## PRELIMINARY STATEMENT TO BE READ BY COURT

Ladies and Gentlemen of the Jury, you are now prospective jurors in a case entitled *United States v. Willie G. Childress, et al.* I am now going to introduce you to the defendants who are now on trial and their lawyers. I will ask each defendant to stand in alphabetical order along with their lawyers as I call their names—**MR. WILLIE G. CHILDRESS who is represented by Mr. Ernest McIntosh.** Mr. Childress is charged with conspiring to violate the narcotics laws of the United States. **MR. COLUMBUS DANIELS who is represented by Mr. Arthur Levin.** Mr. Daniels is charged with conspiring to violate the narcotics laws of the United States. **MS. RACHELLE EDMOND who is represented by Mr. William Garber.** Ms. Edmond is charged with conspiring to violate the narcotics laws of the United States and engaging in interstate travel in aid of racketeering activities. **MR. ROBERT M. HARDY who is represented by Mr. Stuart F. Johnson.** Mr. Hardy is charged with conspiring to violate the narcotics laws of the United States. **MS. DEATRIA C. LINDSAY who is represented by Mr. John E. Drury.** Ms. Lindsay is charged with conspiring to violate the narcotics laws of the United States and engaging in interstate travel in aid of racketeering activities. **MR. PATRICK MCDONALD who is represented by Ms. Michelle A. Roberts.** Mr. McDonald is charged with conspiring to violate the narcotics laws of the United States. **MR.**

RONALD MORGAN who is represented by Mr. Dennis M. Hart. Mr. Morgan is charged with conspiring to violate the narcotics laws of the United States and possessing with the intent to distribute a controlled substance. **MS. CONSTANCE PERRY who is represented by Mr. Gary Kohlman.** Ms. Perry is charged with conspiring to violate the narcotics laws of the United States. **MR. MELVIN E. STEWART who is represented by Mr. Sol Z. Rosen.** Mr. Stewart is charged with conspiring to violate the narcotics laws of the United States and distributing a controlled substance. **MR. JEFFREY L. THOMPSON who is represented by Ms. Retna Pullings.** Mr. Thompson is charged with conspiring to violate the narcotics laws of the United States and engaging in interstate travel in aid of racketeering. **MRS. RAYNICE THOMPSON who is represented by Ms. Nina Kraut.** Ms. Thompson is charged with conspiring to violate the narcotics laws of the United States and engaging in interstate travel in aid of racketeering. **MS. KATRINA J. WADE who is represented by Mr. Idus Daniel, Jr.** Ms. Wade is charged with conspiring to violate the narcotics laws of the United States and engaging in interstate travel in aid of racketeering activities.

I will now introduce you to the lawyers representing the United States Government. They are Assistant United States Attorneys, and I will ask each of them to rise as I call their names—**Mr. Barry Tapp, Mr. Charles E. Ambrose, Jr., and Mr. David Schertler.**

Do any of you know or recognize any of the individuals or lawyers that have just been introduced to you? By this I mean do you personally, or does any member of your immediate family, know or have any connection—personal, business, or social— with any of the defendants, their lawyers, or the lawyers representing the government that have been introduced to you here today? If your answer is "Yes" please rise and give only your juror number, not your name.

Now Ladies and Gentlemen, you were told in the questionnaire, which you completed last week, that the charges against these defendants contained in the Indictment are no indication of their guilt. An Indictment is merely the formal method of advising them of the nature and extent of the charges against them. The Government bears the burden of proving each element of these charges beyond a reasonable doubt as to each defendant. Would any of you have any quarrel with accepting or be unable to accept this proposition of law? I assume by your silence that all of you accept this proposition of law.

Each defendant has denied all of the charges against him or her and has exercised his or her right to a trial by a fair and impartial jury. The law presumes each defendant innocent and not guilty of the charges against him or her until the Government proves each element of those charges beyond a reasonable doubt. The defendants do not have to prove or disprove anything at all. Would any of you have any quarrel with accepting or be unable to accept these propositions of law? I assume by your silence that all of you accept this proposition of law.

As some of you may have observed, we are in a special courtroom. There is a glass wall separating the spectator section of the courtroom, where you are now seated, from the jury box, the parties, the lawyers, and all other persons having official business in what is known as the "well" of the Court. This glass wall was erected in order to protect the integrity of the jury process and the parties to the case, and should not be construed by any of you as an indication that this case should be judged any differently than any other case. Three judges of this Court have conducted various civil and criminal proceedings in this courtroom, and I am advised that there are others like it in various parts of the country. In short, this courtroom is in no way unusual. Unless you indicate now, by raising your hand, I will assume that you will and do agree to serve and render a fair and impartial verdict without regard to the glass wall in the Courtroom.

Ladies and Gentlemen, this promises to be a very interesting case, and one that may well be covered by the written press and the electronic media such as television and radio. Because of the close scrutiny and intense interest by the press and others and in order to avoid any outside or extrajudicial pressures upon the jury which might affect the integrity of the process, the Court has decided to sequester the jury from the time of its selection until the conclusion of the trial and the jury's deliberations. This means that the United States Marshal will take you home so you can pack as soon as you are selected. You will then be provided your lodging and meals at the government's expense. Every effort will be made to assure your comfort to the maximum extent possible.

You also will not be allowed to read or listen to anything about the case, and will not be permitted to discuss the case with anyone, including another juror or members of your family, nor shall you permit anyone to talk to you about any aspect of the case.

The Court has no way of knowing precisely how long the trial will take, but the Court has been advised by the lawyers that the trial may take as long as eight weeks.

Ladies and Gentlemen, despite the inconvenience and sacrifice that jury service may entail with this or any case, the Court reminds you, as the Clerk did last week, that jury service is an important duty of citizenship. Our system of justice would undoubtedly collapse if members of the community refused to serve as jurors simply because of the inconvenience and sacrifice entailed in being away from their families, jobs, and usual endeavors. The Court recognizes that is it always difficult for someone to take this much time out of their lives, but again notes that you have an obligation to serve, if at all possible, and to render a fair and impartial verdict based solely on the evidence you see and hear in this courtroom and to accept and apply the law as the Court gives it to you. Having said this, the Court wants to know whether any of you have a health problem requiring a medical appointment, family obligations, or some other compelling reason which would make it extremely difficult, if not impossible, to serve on a sequestered jury. If any of you would be unable to serve for these reasons, please move to the left hand side of the courtroom.

Now, the lawyers have submitted certain questions to the Court which the Court will ask of you in order that the lawyers can make a determination as to which of you will be asked to serve. The Court is sympathetic with the fact that your responses to some of the questions asked of you may involve personal matters that you do not wish to make public. If you wish to discuss your response to any question privately with the Court and the lawyers, you must make an affirmative request and explain to the Court your reason for making such a request. The Court will then make a determination as to whether your answer should be given privately or in open court.

Before the Court begins to ask the questions submitted by the lawyers, the Court wants to remind you *not* to give the Court your name or any other information that would lead to your identity such as where you live or your place of employment in responding to the Court's questions. As the Clerk of the Court told you before you completed the questionnaire last week, it is a common practice followed in many cases in federal court and in some state courts to keep the names, addresses, and the identities of the jurors in confidence. This is in no way unusual. It is a procedure being followed in this case to protect your privacy, and as I said a few moments ago it is also being done so no one can later say that the integrity of the process was tainted by any improper outside contact or conduct.